IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| UNITED STATES OF AMERICA | Criminal No: 0:14-0301 |
|---|---|
| v. | |
| GREGORY JOSEPH LINGEN | PLEA AGREEMENT |

## General Provisions

This PLEA AGREEMENT is made this 16 day of October, 2014, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Jamie Lea Schoen; the Defendant, **GREGORY JOSEPH LINGEN**, and Defendant's attorney, Christopher Hart.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count One of the Indictment now pending, which charges "Possession of Child Pornography," a violation of Title 18, United States Code, § 2252A(a)(5)(B).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count One

On or about March 20, 2013, in the District of South Carolina,

-1-

a. The defendant possessed any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography;

b. That had been mailed, or shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

c. The defendant acted knowingly.

The penalty for this offense is:

```
Imprisonment:        up to 20 years
Fine:                up to 250,000.00
Special Assessment:  100.00
Supervised Release:  5 years to Life
```

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are

minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and

3664. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Merger and Other Provisions

5. The Defendant agrees to pay $1,000.00 in restitution to each identified victim who applies for restitution.

6. The Defendant agrees that to abandon the HP computer seized on March 20, 2013, which contained the materials that are the subject of the guilty plea. He agrees and stipulates that the computer is his personal property and agrees to voluntarily forfeit and abandon all right, title, and interest in the computer. He waives and releases any claim that he might otherwise have made to it in the future. The Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment and disposition, of the accounts, including any such claim for attorney fees and litigation costs. The Defendant understands and agrees that abandonment or forfeiture of the above-described property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the

Court imposes upon him. The Defendant hereby releases, forever discharges, and agrees to hold Homeland Security Investigations and each of their agencies, officers, attorneys, agents, servants, employees, successors and assigns, harmless from any claims whatsoever in connection with the seizure, abandonment and disposition, of the property. The Defendant further declares that he understands that he may not legally possess such property, and has agreed to voluntarily forfeit and abandon all of his right, title and interest in the above-described computer to the United States. The Defendant further agrees that the forfeiture or abandonment of such property may, at the option of the United States, be accomplished through civil administrative, civil judicial, or abandonment proceedings, and he hereby waives any further notice of such action. He specifically waives any notice requirements and limitations on the time within which such forfeiture or abandonment proceedings may be commenced under any provision of law. The Defendant further specifically waives any Due Process, Double Jeopardy, Eighth Amendment or other constitutional challenges he may have or hereafter claim to have as a result of the forfeiture and abandonment of the said property.

7. Defendant also understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

8. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to

remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be

sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

___10/16/2014___  
Date

_[signature: Gregory Joseph Lingen]_  
GREGORY JOSEPH LINGEN, DEFENDANT

___10/16/14___  
DATE

_[signature: Christopher R. Hart]_  
CHRISTOPHER R. HART  
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES  
UNITED STATES ATTORNEY

___10-21-14___  
Date

_[signature]_ for  
JAMIE LEA SCHOEN (#11386)  
ASSISTANT UNITED STATES ATTORNEY